UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
*FORT MYERS DIVISION*

Case No.: 2:23-cv-850

MARION E IGLECIA,
An Individual,

    Plaintiff,

v.

HANANIA-RICHARDSON MOTORCARS, LLC,
d/b/a COCONUT POINT HONDA,
A Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARION E IGLECIA, brings this action against HANANIA-RICHARDSON MOTORCARS, LLC, d/b/a COCONUT POINT HONDA, a Foreign Limited Liability Company, under the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("Regulation M").

### JURISDICTION AND VENUE

1.    The Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claim arises from the CLA, a federal statute. 15 U.S.C. § 1667d(c).

2.    Venue is proper before this Court because the acts and transactions

giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

3. Plaintiff is a natural person who at all relevant times resided in Lee County, Florida.

4. Defendant is a Foreign Limited Liability Company that routinely conducts business in Lee County, Florida.

## FACTUAL ALLEGATIONS

5. In November of 2019, Plaintiff leased a new 2019 Honda Fit ("Vehicle") from Defendant.

6. The Vehicle was leased under a Closed-End Vehicle Lease Agreement ("Lease"). A copy of the lease is attached as Exhibit A.

7. In the Lease, Plaintiff was provided with the option to buy the Vehicle at the end of the Lease term: "I have an option to purchase the Vehicle at the end of the Lease Term for $11,735.10, plus any required taxes and fees." *Id.* ¶ 9. ("Purchase Option Amount")

8. At the end of the lease term, Plaintiff contacted Defendant and asked about the process to buy the Vehicle.

9. Defendant directed Plaintiff to buy the Vehicle through Coconut Point Honda ("Coconut Point").

10. In April of 2022, Plaintiff visited Coconut Point to exercise the purchase option.

11. To buy the Vehicle, HANANIA-RICHARDSON MOTORCARS, LLC, d/b/a Coconut Point Honda, charged Plaintiff a $899.00 "Predelivery Service Charge", a $249.00 "THIRD PARTY TAG AGENCY FEE", as well as a $350.00 "LBO INSPECTION FEE". Said fees were not official fees.

12. These fees were never disclosed in the Lease by the Defendant.

13. In total, Plaintiff was charged $1,498.00 more than the Purchase Option Amount in the Lease.

### COUNT I AS TO DEFENDANT'S VIOLATION OF FEDERAL CONSUMER LEASING ACT 15 U.S.C. § 1667a

14. The CLA governs the disclosures in the Lease because the lease term ran for 36 months and was for less than $58,300. 15 U.S.C. § 1667(1).

15. Plaintiff is a natural person who leased the Vehicle primarily for personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

16. Defendant had to comply with the CLA's disclosure requirements because it was a "lessor" under the CLA.

17. Defendant has leased, offered, or arranged to lease vehicles more than five times in the preceding calendar year or more than five times in the current calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

18. As described above, Defendant had substantial involvement in the lease

transaction with Plaintiff.

19. Upon information and belief, Defendant financially gains on the resale of the vehicle at the end of the Lease term.

20. The Lease is governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 213.4.

21. The disclosure of the purchase option price in the Lease had to be accurate, clear, conspicuous, and complete. 12 CFR § 1013.3(a).

22. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of the a $899.00 "Predelivery Service Charge", a $249.00 "THIRD PARTY TAG AGENCY FEE", and a $350.00 "LBO INSPECTION FEE" were required to exercise the purchase option at the end of the lease.

23. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of $1,498.00 more than the purchase option price was required to exercise the purchase option at the end of the lease.

24. Defendant violated 12 CFR § 1013.3(a) because the purchase option price was unclear, inaccurate, and incomplete.

25. These omissions were material to Plaintiff's decision to enter into the Lease, and Plaintiff detrimentally relied on these material omissions.

26. Plaintiff suffered financial loss in that Plaintiff paid $1,498.00 more than what the Lease required to buy the Vehicle.

27. Had Defendant provided an accurate, complete, and clear purchase option price in the Lease, which it was required to do, Plaintiff would have negotiated better terms or elected declined to lease the Vehicle.

28. Defendant's illegal conduct was the actual and proximate cause of the actual damages suffered by Plaintiff.

29. Pursuant to 15 U.S.C. § 1640, Plaintiff is entitled to recover actual and statutory damages from Defendant, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment against Defendant as follows:

A. Actual and Statutory Damages as provided by law;

C. Pre-judgment and post-judgment interest, as allowed by law;

D. Reasonable attorneys' fees and costs;

E. Injunctive relief requiring Defendant to honor its obligation under its Lease agreements to sell the Leased vehicles for the price identified on the Lease agreement; and

F. Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Joshua Feygin
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685
Email:  Josh@JFeyginesq.com
SUE YOUR DEALER – A LAW FIRM
1930 Harrison Street, Suite 208 F
Hollywood, FL 33020
Telephone: (954) 228-5674
Facsimile: (954) 697-0357